PARISH OF ORLEANS.

------

P. J. FLANAGAN, ADMINISTRATOR

versus

LAND DEVELOPEMENT COMPANY OF LA. LTD.

--------

---------

Dinkelspiel; J.

Dinkelspiel; J.

Defendant files in this court, various grounds to dismiss this appeal:

I.

That the transcript of appeal was filed too late, the return day for the appeal having been fixed by the Lower Court for June 2nd, 1921, and the transcript was not filed until June 6th, 1921.

II.

That this Court is without jurisdiction ratione materiae.

III.

That the matters and things complained of grow out of a judgment rendered by the Supreme Court of Louisiana and relate to the execution thereof, from which no appeal lies.

IV.

That if an appeal did lie, the appeal should be taken to the Court whose judgment is sought to be executed.

V.

That if this Court could consider the appeal, then the appeal must be dismissed on the further ground that the appellant has not filed a full transcript of the record and all proceedings had; that the transcript begins with an entry, of date January 26th, 1920, "Returned to fifa".

VI.

That there is nothing to show what took place prior to that date or prior to the return of said fifa.

VII.

That according to the petition of appeal the judgment or orders complained of are one rendered July 19th, 1920 and one rendered June 25th, 1920, neither

of which judgments have been signed and no appeal can be taken from an unsigned judgment.

### VIII.

That it further appears from said judgments or orders that neither of them or appealable, one of said judgments relating to the annullment of an order transferring the case to another division of the District Court and no appeal lies from such a judgment; the other is from a judgment maintaining exceptions to a rule to set aside a fifa issued in accordance with a final judgment of Court.

We have copied verbatim the motion to dismiss this appeal for the reason that it appertains/ substantially to the same subject matter decided by this Court at its last term and will be found under the No. 8282 in the Succession of Emma Williams, widow of Johness V. Martin, and on application for a rehearing, this Court issued the following order:

"Let this application for a rehearing be filed; let the rehearing stand refused for the present without prejudice however, to the right of appellee to urge his motion again when the case is argued on the merits."

The Land Developement Company obtained a judgment against the Succession of Emma Williams, widow of Johness V. Martin.

In the execution of said judgment/ there was ~~thexCourt~~ issued a fifa against the said Company on which it realized an amount insufficient to pay its judgment. In the meantime the Succession of Martin filed suit against the Company for a certain amount. The Succession of Martin had been opened in Division "E".

In order to satisfy the balance due upon this judgment/ ~~therexCourtxissued~~ there was issued an alias fifa against the Succession of Martin under which writ it seized the claim in the suit of Flanagan, Administrator, versus the Land

Developement Company, which is the suit presently before us.

Proceedings were carried on in both Divisions "A" and "E" and orders rendered in both divisions and finally Division "A" ordered that no fifa could be issued against the Succession of Martin and the Succession has appealed and also appealed from the order of transfer and asked that the writs of fifa be quashed.

At the time the Succession of Martin appealed neither of the above judgments, either in Division "A" or "E" were signed, before the transcript had been filed, but before the motion to dismiss was made the judge nunc pro tunc signed the judgment, refusing to quash the fifa.

The Succession has appealed from both judgments.

This motion presents question to dismiss this appeal upon the grounds that the judgment was not signed akxk at the time this appeal had been taken.

As to the judgment quashing the fifa, we consider that it was a final definitive judgment inflicting an irreparable injury upon the Succession and that it allowed the assets of the Succession to be sold and that judgment must be signed.

Hanchey vs. St. Louis, I. M. & S. Ry. Co. 135 La. p. 351, where in its syllabus, citing authorities says:

> "This Court has no appellate jurisdiction of a case until a final judgment is signed in the court below. Therefore, when theattention of the court is called to the fact that the judgment of the district court was not signed before the transcript of appeal was filed in this court, the appeal must be dismissed."

State ex rel, Stewart, Dis't. Att'y. vs. Reid, Vol. 115 La. p. 595.

For the reasons assigned it is ordered, adjudged and decreed that the motion to dismiss this appeal must be sustained.